UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| ELR CARE MAINE, LLC, | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:14-cv-00388-GZS |
| PROGRESSIVE MANAGEMENT SYSTEMS LLC, et al., | ) ) ) ) | |
| Defendants | ) | |

**ORDER AND RECOMMENDED DECISION**

In this action, Plaintiff ELR Care Maine, LLC, seeks a declaratory judgment as to the proper party to appeal from an administrative decision of Defendant Department of Health and Human Services (DHHS), through the Centers for Medicare and Medicaid Services, to terminate the Medicare provider agreement of Penobscot Nursing Home, a facility owned by Plaintiff. The matter is before the Court on Plaintiff's Emergency Motion for Expedited Briefing Schedule (ECF No. 5). As explained below, Plaintiff's motion is denied, and the recommendation is that the Court dismiss Plaintiff's Complaint without prejudice.

**Factual Background**

According to Plaintiff's Complaint, Plaintiff owns Penobscot Nursing Home (the nursing home), which is located in Penobscot, Maine, and other nursing home facilities. When Plaintiff purchased the nursing home, Plaintiff also acquired the prior owner's provider agreement with DHHS. Through the provider agreement, Plaintiff was required to provide nursing home services for Medicare recipients, and DHHS was to pay Medicare benefits to Plaintiff for the services rendered.

In October 2008, on a petition of the Maine Department of Health and Human Services, Penobscot Nursing Home and Plaintiff's other facilities were placed under receivership by order of the Maine Superior Court. Defendant Progressive Management Services, LLC, is the current court appointed receiver.

On June 18, 2014, through a letter addressed to Defendant's administrator, DHHS informed the nursing home that Plaintiff's provider agreement would be terminated on July 4, 2014. Plaintiff filed an administrative appeal from the termination decision, and requested a hearing. Upon receipt of the notice of appeal, DHHS notified Plaintiff that it could not act upon Plaintiff's request because the receiver (Defendant Progressive) had already filed an extension of time to request a hearing or file a waiver of its right to a hearing. Plaintiff informed DHHS that Defendant Progressive's interests were not aligned with Plaintiff's interests, and that it wished to proceed on its appeal.

On September 11, 2014, the Administrative Law Judge (ALJ) assigned to the matter, under the caption of the Departmental Appeals Board of the United States Department of Health and Human Services, issued an order stating that his "authority is limited to determining whether Petitioner [Penobscot Nursing Home] failed to comply substantially with participation requirements and whether the remedies imposed by CMS for that alleged noncompliance are reasonable." (ECF No. 1-5.) According to the ALJ, he does "not have the authority to decide who is authorized to file a hearing request on behalf of Petitioner." (*Id.*) The order instructs the parties to determine who should file the hearing request. (*Id.*)

When the parties were unable to resolve the issue, Plaintiff filed this action asking the Court to declare "which of the parties - Plaintiff ELR Care or Defendant Progressive - has the legal right, under 42 C.F.R. §§ 489.53(e) and 498.5(b), to appeal DHHS' decision to terminate ELR Care's

Provider Agreement." (Complaint at 5.) Plaintiff asserts that this Court has jurisdiction to issue such an order under 28 U.S.C. §§ 1331 and 1346(a)(2). (*Id.* ¶¶ 1, 2.)

**Discussion**

Pursuant to 42 U.S.C. § 1395ii and 42 U.S.C. § 405(h), the United States District Courts do not have general jurisdiction to adjudicate in piecemeal fashion issues arising in the context of the Department's administrative procedures under the Medicare Act. *See Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 13-14 (2000). Title 42 U.S.C. § 405(h) provides in relevant part: "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.". Under section 405, the Commissioner has:

> full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

42 U.S.C. § 405(a). The Secretary has in fact adopted rules regarding the notice required for termination of a provider agreement and the appellate rights of those affected by the decision.[1] Significantly, the regulations provide for judicial review following exhaustion of administrative proceedings. 42 C.F.R. §§ 498.90, 498.5.

---

[1] According to the regulations:

> (1) An affected party entitled to a hearing under § 498.5 may file a request for a hearing with the ALJ office identified in the determination letter.
>
> (2) The affected party or its legal representative or other authorized official must file the request in writing within 60 days from receipt of the notice of initial, reconsidered, or revised determination unless that period is extended in accordance with paragraph (c) of this section. (Presumed date of receipt is determined in accordance with § 498.22(b)(3)).

42 C.F.R. § 498.40(a).

The Court's authority to consider a claim involving the Medicare Act is limited to the judicial review of agency action prescribed by the Act. The Supreme Court stated in *Illinois Council on Long Term Care*:

> Insofar as § 405(h) prevents application of the 'ripeness' and 'exhaustion' exceptions, *i.e.*, insofar as it demands the 'channeling' of virtually all legal attacks through the agency, it assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions case by case.

529 U.S. at 13. In *Puerto Rican Association of Physical Medicine & Rehabilitation, Inc. v. United States*, 521 F.3d 46 (1st Cir. 2008), the First Circuit noted that "[i]n the case of the Medicare Act, Congress enacted a statute that 'reaches beyond ordinary administrative law principles of ripeness and exhaustion of administrative remedies.'" *Id.* at 48 (quoting *Illinois Council on Long Term Care, Inc.*, 529 U.S. at 12). In other words, judicial review is only available upon completion of the administrative process. *Id.*[2] "Congress, in both the Social Security Act and the Medicare Act, insisted upon an initial presentation of the matter to the agency." *Illinois Council on Long Term Care*, 529 U.S. at 20.

---

[2] As explained above, judicial review at this stage is precluded through the operation of 42 U.S.C. § 405(h). However, even if section 405(h) were not applicable, the basic tenet that, absent extraordinary circumstances, courts should not and will not intervene in an administrative proceeding, would apply. As the First Circuit observed in *Puerto Rican Association of Physical Medicine & Rehabilitation, Inc. v. United States*, 521 F.3d 46 (1st Cir. 2008), when considering the propriety of an action challenging a regulation that restricted certain Medicare reimbursements:

> There is no uniform rule governing when and how agency action can be judicially reviewed; the proper process depends, *inter alia*, on which agency is involved, what type of claim is pressed, statutory provisions and court-created doctrine. For example, courts have constructed doctrines requiring that administrative remedies be exhausted before judicial review is sought, *Myers v. Bethlehem Shipbuilding Corp.*, [303 U.S. 41, 50-51 (1938)], and that claims be "ripe" for review, *Abbott Labs. v. Gardner*, [387 U.S. 136, 148-49 (1967)], although both rules are subject to multiple exceptions. *E.g.*, *McCarthy v. Madigan*, [503 U.S. 140, 147-48] (1992) (futility exception); *Abbot Labs.*, [387 U.S. at 149] (hardship exception).

*Id.* at 48. Without such doctrines, the independence and integrity of the administrative process would be compromised, and courts would be called upon to issue what would in essence be advisory opinions. Here, insofar as Plaintiff seeks a declaration regarding a party's right to file an administrative appeal before a final administrative decision has been made, particularly a decision on the standing issue, the doctrines of ripeness and exhaustion would preclude the Court's consideration of Plaintiff's request at this stage of the proceedings.

In short, the Medicare Act dictates that at this stage of the proceedings, Plaintiff may not obtain the relief that it seeks from this Court due to lack of federal question jurisdiction. *See id.* at 5 (holding that "the statutory provision at issue, § 405(h), as incorporated by § 1395ii, bars federal question jurisdiction"). To the extent that a standing issue exists, therefore, the issue must first be decided in the context of the administrative proceeding.

## Conclusion

Based on the foregoing analysis, Plaintiff's Emergency Motion for Expedited Briefing Schedule (ECF No. 5) is denied. In addition, the recommendation is that the Court dismiss Plaintiff's Complaint without prejudice.[3]

## NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72. With respect to the order on the non-dispositive matter (for expedited briefing), a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of October, 2014.

---

[3] A federal court is obligated to inquire *sua sponte* into its subject matter jurisdiction. *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004).